Barry M. Aylstock, #028983
FAITH, LEDYARD & FAITH, PLC
919 North Dysart Road, Suite F
Avondale, Arizona 85323
Phone: (623) 932-0430
Fax: (623) 932-1610
Email: baylstock@faithlaw.com
*Attorneys for Plaintiff Laura J. Walker*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laura J. Walker, individually,<br><br>Plaintiff,<br><br>v.<br><br>ManpowerGroup US Inc., a Wisconsin corporation,<br><br>Defendant. | No.<br><br>**COMPLAINT FOR VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**<br><br>**(Jury Trial Demanded)** |

Plaintiff LAURA J. WALKER ("Plaintiff WALKER"), by and through undersigned counsel, alleges against Defendant as follows:

**JURISDICTION**

1. This action involves alleged violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000e *et seq.* This Court has jurisdiction over the action pursuant to 28 U.S.C. § 1331, as well as 42 U.S.C. § 2000e *et seq.*

**VENUE**

2. All claims asserted in this matter arose within the District of Arizona, and the alleged violations of Title VII and resulting damages occurred in the District of Arizona. Venue is proper pursuant to 28 U.S.C. § 1391, as well as 42 U.S.C. § 2000e *et seq*.

**PARTIES**

3. Plaintiff WALKER at all times material hereto was a citizen of the State of Arizona, residing in Maricopa County, Arizona.

4. Defendant MANPOWERGROUP US INC. doing business as MANPOWERGROUP (referred to as "Defendant MANPOWER") is, and at all times material hereto was, a Wisconsin corporation, registered with the Arizona Corporation Commission, doing business in the District of Arizona, and having its principal place of business in Maricopa County, Arizona.

5. Defendants DOES 1-10 and ABC ENTITIES 1-10 are fictitious persons and/or entities that may be liable to Plaintiff WALKER but whose true names and identities are unknown at this time. Plaintiff WALKER will seek leave of court to amend the Complaint as they are discovered.

**INTRODUCTION**

6. Plaintiff WALKER hereby incorporates by reference each of the foregoing allegations as if fully stated herein.

7. At all times material hereto, Plaintiff WALKER was an employee of Defendant MANPOWER, Defendant MANPOWER is a private-sector employer located in Maricopa County, and Defendant MANPOWER employs fifteen (15) or more employees.

8. Plaintiff WALKER was hired as a full-time employee by Defendant MANPOWER on approximately November 14, 2011.

9. At all times material hereto, Plaintiff WALKER was a covered employee under Title VII.

10. At all times material hereto, Defendant MANPOWER was a covered employer under Title VII.

11. Plaintiff WALKER's sex is female.

12. As an employee of Defendant MANPOWER, Plaintiff WALKER was placed in a position to perform her job duties at the Solana power plant ("Solana") located in Gila Bend, Arizona.

13. During her assignment to Solana by Defendant MANPOWER, Plaintiff WALKER was subjected to comments and conduct of a sexual nature from co-workers and supervisors, including but not limited to lewd and sexual comments, lewd and sexual written descriptions on cardboard boxes, lewd and sexual environments on busses, and a dangerous sexual environment with the female bathrooms.

14. Plaintiff WALKER objected to the comments and conduct; however, it remained.

15. Plaintiff WALKER eventually ended her employment pursuant to constructive discharge.

16. Defendant MANPOWER's worksite was a hostile work environment.

17. Plaintiff WALKER was discriminated against because of her sex as a female and subjected to a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended.

**GENERAL ALLEGATIONS**

18. Plaintiff WALKER hereby incorporates by reference each of the foregoing allegations as if fully stated herein.

19. Early in Plaintiff WALKER's employment with Defendant MANPOWER her first supervisor made sexual remarks to Plaintiff WALKER including "I really like those pants."

20. Plaintiff WALKER was transferred to another area with a different supervisor.

21. During Plaintiff WALKER's employment with Defendant MANPOWER there was a 4:00 AM meeting of employees where a site shift manager who would routinely remark "now stop holding your [expletive] and go make some modules."

22. Defendant MANPOWER provided bus transportation to the Solana work site.

23. The environment on the bus was extremely offensive, filled with sexual comments which left Plaintiff WALKER fearing for her physical safety.

24. The busses provided by Defendant MANPOWER had televisions that could play movies, and violent and lewd movies were shown which included rape scenes with the specific intention of making the women feel uncomfortable.

25. Other female employees ended their employment because of the incidents on the busses.

26. The bathroom situation at Solana was both unsanitary and dangerous with men at times trying to pull on the door when a woman was in the women's bathroom.

27. Men would use the women's bathrooms, would frequently urinate on the work site, and bottles of alcohol could be found in the bathrooms.

28. During Plaintiff WALKER's period of employment with Defendant MANPOWER, Plaintiff WALKER's later supervisor participated in and condoned a hostile work environment at the work site up until the end of Plaintiff WALKER's employment on November 16, 2012.

29. Plaintiff WALKER's supervisor was part of a culture of inaction when sexual harassment by co-workers was all around, and he participated with his own remarks.

30. All the actions and remarks were unwelcome, and the environment affected Plaintiff WALKER's work, eventually forcing her to leave employment by constructive discharge all based on her sex as a woman.

31. Female co-workers experienced sex discrimination and harassment, while male employees were treated in a different manner both in terms of respect, job advancement, job placement, and discipline.

32. At least three male Solar Mirror Collectors participated in the daily unwelcome harassment of Plaintiff WALKER regarding getting a hotel room together, sexual comments about them being turned on and what Plaintiff WALKER should do, and asking Plaintiff WALKER to send lewd videos on her phone.

33. These three male Solar Mirror Collectors made sexual remarks and acted in ways that were objectively offensive and intolerable for a work site, their actions were unwelcome and based on Plaintiff WALKER's sex as a woman, and no actions were taken against them by Defendant MANPOWER's supervisors.

34. Defendant MANPOWER's employees drew upon and wrote explicit messages on cardboard boxes in Plaintiff WALKER's possession in an effort to harass and intimidate her.

35. Plaintiff WALKER's supervisor was not responsive, and Plaintiff WALKER called Defendant MANPOWER's Human Resources on two separate occasions; however, the calls were never returned.

36. On approximately September 15, 2012, Plaintiff WALKER was employed by Defendant MANPOWER as a Solar Mirror Collector when her supervisor condoned an environment of sexual discrimination and sexual harassment by failing to forward concerns about the work environment actually stating "I wish someone would sexually harass me."

37. The hostile work environment and sexual discrimination was pervasive and affected Plaintiff WALKER's job.

38. Plaintiff WALKER was forced to leave her employment as a result of the above and considered her constructive discharge an adverse employment action.

39. Defendant MANPOWER created an environment filled with sex discrimination and a hostile work environment where men were treated completely differently than their women counterparts.

40. The mistreatment and discrimination was from superiors down to co-workers and eventually led to Plaintiff WALKER's constructive discharge.

41. No corrective actions were taken as a result of Plaintiff WALKER's complaints.

42. On approximately January 29, 2013, Plaintiff WALKER filed an Employment Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC").

43. The Charge was assigned Charge No. 540-2013-01125.

44. On December 4, 2018, the EEOC issued a Determination.

45. The EEOC issued a Notice of Right to Sue (Conciliation Failure) on July 6, 2021 notifying Plaintiff WALKER of her right to file a lawsuit.

46. Plaintiff WALKER has exhausted her administrative remedies and has proceeded with a timely lawsuit.

47. Title VII makes it an unlawful employment practice for an employer to discriminate against any individual because of such individual's race, color, religion, sex, or national origin. *See* 42 U.S.C. § 2000e-2(a).

48. This prohibition encompasses the creation of a hostile work environment, which violates Title VII's guarantee of the right to work in an environment free from discriminatory intimidation, ridicule, and insult.

49. Additionally, Title VII makes it an unlawful employment practice for an employer to discriminate against any of its employees because an employee has opposed any practice made an unlawful employment practice or because the employee has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing. *See* 42 U.S.C. § 2000e-3(a).

**FIRST CLAIM FOR RELIEF**

**(DISCRIMINATION)**

Violations of Title VII of the Civil Rights Act of 1964 - 42 U.S.C. § 2000e *et seq.*

50. Plaintiff WALKER hereby incorporates by reference each of the foregoing allegations as if fully stated herein.

51. Plaintiff WALKER is a covered employee under Title VII as described above.

52. Defendant MANPOWER is a covered employer under Title VII as described above.

53. Plaintiff WALKER suffered adverse employment actions as described above.

54. Plaintiff WALKER suffered adverse employment actions as described above because of her gender as a female.

55. Defendant MANPOWER's conduct as described above was intentional.

56. Plaintiff WALKER has suffered damages in amounts to be proven at trial as a direct and proximate result of Defendant MANPOWER's intentional actions including but not limited to lost wages and other compensation, monetary loss sustained as a direct result of Defendant MANPOWER's actions, emotional harm, and harm to her reputation.

57. Plaintiff WALKER's attorneys' fees and costs should be paid by Defendant MANPOWER, and the Court should grant any other relief, equitable or otherwise, deemed proper.

## SECOND CLAIM FOR RELIEF

### (HOSTILE WORK ENVIRONMENT)

Violations of Title VII of the Civil Rights Act of 1964 - 42 U.S.C. § 2000e *et seq.*

58. Plaintiff WALKER hereby incorporates by reference each of the foregoing allegations as if fully stated herein.

59. Plaintiff WALKER is a covered employee under Title VII as described above.

60. Defendant MANPOWER is a covered employer under Title VII as described above.

61. Plaintiff WALKER was subjected to sexual advances, requests for sexual conduct, or other verbal or physical conduct of a sexual nature.

62. The conduct was unwelcome.

63. The conduct was sufficiently severe or pervasive to alter the conditions of Plaintiff WALKER's employment and create a sexually abusive or hostile work environment.

64. Plaintiff WALKER perceived the working environment to be abusive or hostile.

65. A reasonable woman in the Plaintiff WALKER's circumstances would consider the working environment to be abusive or hostile.

66. Defendant MANPOWER's conduct as described above was intentional.

67. Plaintiff WALKER has suffered damages in amounts to be proven at trial as a direct and proximate result of Defendant MANPOWER's intentional actions including but not limited to lost wages and other compensation, monetary loss sustained as a direct result of Defendant MANPOWER's actions, emotional harm, and harm to her reputation.

68. Plaintiff WALKER's attorneys' fees and costs should be paid by Defendant MANPOWER, and the Court should grant any other relief, equitable or otherwise, deemed proper.

## **DEMAND FOR JURY TRIAL**

69. Plaintiff WALKER hereby requests a jury trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff WALKER prays for a judgment as follows:

A. For damages to make Plaintiff WALKER whole, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance benefits, training, promotions, reinstatement, and seniority;

B. For actual monetary losses sustained as a direct result of the violation;

C.  For interest on the above amounts calculated at the prevailing rate;

D.  For punitive damages as a result of the violation;

E.  For reasonable attorneys' fees and costs incurred in this matter; and

F.  For such further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this <u>4th</u> day of October, 2021.

**FAITH, LEDYARD & FAITH, PLC**

By: <u>*/s/ Barry M. Aylstock*</u>
Barry M. Aylstock
919 North Dysart Road, Suite F
Avondale, Arizona 85323
*Attorney for Plaintiff*